IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 16, 2000 Session

## STATE OF TENNESSEE v. ELPIDIO VALDEZ

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-D-2152     J. Randall Wyatt, Jr., Judge**

**No. M1999-00791-CCA-R3-CD - Filed April 4, 2001**

JOE G. RILEY, J., dissenting.

I respectfully disagree with the majority's conclusion that the evidence is insufficient to support the guilty verdict. In a drug case, just as in any other case, we are required to afford the prosecution the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences which may be drawn from the evidence, and questions regarding the weight to be given the evidence are resolved by the jury. *See* State v. Shaw, ___ S.W.3d ___, ___ (Tenn. 2001); *see also* State v. Franklin Robert Bigsby, C.C.A. No. M1999-01887-CCA-R3-CD, 2000 WL 775580 at *3 (Tenn. Crim. App. filed June 16, 2000, at Nashville), forthcoming publication ___ S.W.3d ___ (Tenn. Crim. App. 2000), *perm. to app. denied* (Tenn. January 22, 2001) (finding the circumstantial evidence sufficient to convict the defendant of possession of cocaine with the intent to deliver). I would also note that whether one jointly possesses narcotics with another is ordinarily a question for the jury. State v. Copeland, 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984).

Viewing the evidence in a light most favorable to the prosecution, the defendant and co-defendant were either cousins or friends who had been traveling together for two or three weeks and had traveled from Mexico. The car had an "overwhelming" smell of air fresheners with several air fresheners hanging from the mirror and front seat. A large can of air freshener was observed between the seats. The officer testified that air fresheners are often used by drug couriers in order to mask the fragrance of the drugs or to prevent drug dogs from smelling the drugs. As the officer began searching the back of the car, the defendant and co-defendant spoke excitedly to each other. An officer testified that upon discovery of the cocaine, both defendants "put their heads down" and "weren't the least bit surprised about [the discovery]." A search of the defendant yielded $514 in

cash, whereas the co-defendant had no money.[1]  Again, the officer testified that drug dealers often travel in pairs with only one of them possessing expense money.  The jury could also reasonably conclude that, because the defendant had all the money, he was obviously paying all the traveling expenses, including gas and food.

Viewing the evidence in a light most favorable to the state, I conclude that a rational trier of fact could find that the defendant, at least jointly, possessed the cocaine with the intent to deliver.

_____
JOE G. RILEY, JUDGE

---

[1]The majority opinion concludes that the defendant had no reasonable expectation of privacy in the drugs found in the gas tank.  Thus, the officer had probable cause to arrest the defendant.  The money found on the defendant's person was then properly seized as incident to the arrest.  *See* State v. Walker, 12 S.W.3d 460, 467 (Tenn. 2000).